# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60626

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2014

Lyle W. Cayce
Clerk

LUIS MIGUEL ARGUETA-MARQUEZ,

    Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 138 160

Before JOLLY and JONES, Circuit Judges, and GODBEY, District Judge\*.

PER CURIAM:\*\*

We have reviewed the briefs, pertinent portions of the record, and the applicable law. The Immigration Judge ("IJ") determined that Argueta-Marquez was not a credible witness and that he had failed otherwise to establish that "it is more likely than not that he . . . would be tortured if removed to" El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). The Board of

---

\* District Judge of the Northern District of Texas, sitting by designation.
\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60626

Immigration Appeals (BIA) affirmed the IJ's determination, and, given the inconsistencies and omissions in Argueta-Marquez's testimony and the insufficiency of his corroborating evidence, we find no reversible error in its doing so.[1] The petition for review is, therefore,

DENIED.

---

[1] In previous cases, we have apparently assumed that the REAL ID Act's standard for assessing credibility in the context of an asylum claim, found at 8 U.S.C. § 1158(b)(1)(B)(iii), applies also to credibility determinations in the context of claims that, like Argueta-Marquez's, are asserted under the Convention Against Torture. *See, e.g., Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009). We need not reach that question here, because the agency's adverse-credibility determination is supported by substantial evidence under either § 1158(b)(1)(B)(iii)'s standard or the "heart of the applicant's claim" standard articulated in pre-REAL ID Act caselaw.